ELECTRONICALLY FILED
2013-Aug-16 10:23:42
60CV-13-3280

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

SHAUNA MCNUTT                                           PLAINTIFF
f/k/a Shauna Yates

v.  NO. _____

PEI WEI ASIAN DINER, LLC and
P.F. CHANG'S CHINA BISTRO, INC.                         DEFENDANTS
And JOHN DOES NOS. 1-5

## COMPLAINT

Comes the Plaintiff, Shauna McNutt, by and through her attorneys, Gary Holt & Associates, P.A. and for her Complaint against the Defendants, Pei Wei Asian Diner, LLC, (hereinafter Pei Wei), P.F. Chang's Chinese Bistro, Inc. and John Does 1-5 alleges and states:

1. The Plaintiff is an individual resident of Pulaski County, Arkansas, and the events giving rise to this cause of action occurred in Pulaski County, Arkansas. The Defendants are foreign corporations doing business in Pulaski County, Arkansas. The registered agent for Pei Wei Asian Diner, LLC and P.F. Chang's China Bistro, Inc. is National Registered Agents, Inc. of AR, 124 W. Capitol Ave., Suite 1900, Little Rock, AR 72201. This is the proper venue for this action and this Court has jurisdiction of the parties. The Defendants do business as Pei Wei Asian Diner in Little Rock, Pulaski County, Arkansas. Plaintiff is unsure which of the

two defendants is the actual owner of the Pei Wei Asian Diner, therefore she brings this action against both Defendants. Plaintiff will voluntarily dismiss any Defendant inappropriately named upon receipt of proof of the identity of the proper Defendant.

2. The identities and residences of Defendants John Does Nos. 1-5, who through information and belief, are and were the employees, agents, or franchisees of Defendants, Pei Wei Asian Diner, LLC and/or P.F. Chang's Chinese Bistro, Inc. and are unknown at this time; hence, Plaintiff has designated them as "John Does Nos. 1-5" and attached the Affidavit of Plaintiff's Counsel as Exhibit "A" pursuant to Ark. Code Ann. Sec. 16-56-105.

3. At all relevant times herein, Defendants John Does Nos. 1 through 5 were agents, servants, employees and/or franchisees of Defendants , Pei Wei Asian Diner, LLC and/or P.F. Chang's Chinese Bistro, Inc. and any negligence on the part of of Defendants John Does Nos. 1 through 5 is imputed by law to the Defendants, Pei Wei Asian Diner, LLC and/or P.F. Chang's Chinese Bistro, Inc., which is vicariously liable under the doctrine of respondeat superior.

4. On or about September 17, 2010, the Plaintiff was a business invitee on the premises of the Defendants, at the Defendant's restaurant located at 205 North University, Little Rock, Arkansas. The Plaintiff was on the premises to pick up a to go order of food. She took the food back to her place of employment and started to

eat the food. At said point in time, as the Plaintiff was biting into an eggroll and rice that she purchased from Defendant, she bit down on a bone or other hard object present in the food, causing injury to her teeth. The Defendant, through its agents, employees and/or franchisees, was guilty of negligence which was a proximate cause of the injuries and damages of the Plaintiff more specifically described herein.

## NEGLIGENCE

5. The Defendant was guilty of negligence in supplying the food in the condition it was in, e.g., containing foreign or naturally hazardous material. The Defendant failed to use ordinary care in the preparation of the food to assure that it was safe for consumption including inspecting it before cooking and otherwise failed to use ordinary care under the circumstances.

## STRICT LIABILITY

6. Plaintiff realleges as if fully set forth herein each and every allegation contained in the paragraphs above.

7. Defendant was engaged in the business of selling or otherwise distributing prepared food products including egg roll and rice.

8. The egg roll and rice was supplied by the Defendant in a defective condition which rendered the food unreasonably dangerous and which defective condition was a proximate cause of the damages to the Plaintiff hereinafter described. The defective condition is described above and includes the fact that the

egg roll and rice contained foreign or naturally hazardous material. As a result of this defective condition, Defendant is strictly liable to the Plaintiff under the product liability laws of the State of Arkansas.

9. The egg roll and rice supplied by the Defendant was defective when it left the hands of the Defendant such that it was more dangerous than the ordinary consumer would expect.

## BREACH OF IMPLIED WARRANTY

10. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

11. At the time Defendant marketed, sold and distributed the egg roll and rice for consumption by the Plaintiff, Defendant knew of the use for which the food was intended and impliedly warranted the product to be of merchantable quality and safe for such use.

12. At the time Defendant marketed, sold and distributed the food for consumption by the Plaintiff, Defendant impliedly warranted the product to be adequately contained, packaged and labeled.

13. Contrary to such implied warranties, the egg roll and rice were not of merchantable quality or safe for consumption because the product was unreasonably dangerous and unfit for the ordinary purpose for which it was intended as described

above.

14. Plaintiff was a person whom the Defendant might reasonably expect to use, consume or be affected by the egg roll and rice.

15. As a direct and proximate result of the breach of the implied warranties by the Defendant, Plaintiff suffered and will continue to suffer injury, harm and economic loss as alleged herein.

16. Defendant has been placed on notice of Plaintiff's injuries caused by Defendant's breach as described herein.

17. As a result of the Defendant's fault, the Plaintiff sustained painful and permanent personal injuries, incurred medical expenses in the past and is reasonably certain to require medical expenses in the future, underwent pain, suffering and mental anguish in the past and is reasonably certain to experience pain, suffering and mental anguish in the future, suffered a loss of working time in the past and will continue to suffer a loss of working time and earning capacity in the future.

WHEREFORE, the Plaintiff, Shauna McNutt, prays for a judgment against the Defendant(s), in an amount adequate to compensate her for the damages she has sustained, such amount being in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases. The Plaintiff further prays for costs, interest and all other just and proper relief to which she may be entitled. The

Plaintiff further prays that she be granted a jury trial.

Respectfully submitted,

GARY HOLT & ASSOCIATES
708 West Second Street
P. O. Box 3887
Little Rock, AR 72203-3887
Telephone: 501-372-0266
Fax: 501-688-7741

Email: abeds@garyholtlaw.com

/s/Steven W. Abed
Steven W. Abed, AR # 96059
Attorney for Plaintiff